No. 2370.—ISAAC KLEIN, for the use, etc., *v.* CRESCENT CITY RAIL-ROAD COMPANY.

23 729<br>104 201

To enable a party to recover damages from a street railroad company for injuries inflicted by the car, while in motion, by running over and wounding a child, it must be shown affirmatively that the accident occurred through the fault or negligence of the driver.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Cotlon & Levy,* for plaintiff and appellee. *T. Gilmore* and *Percy Roberts,* for defendant and appellant.

This case was tried by a jury in the court below.

HOWELL, J. In this case, Isaac Klein, in behalf of his minor child, Herman, claims from the Crescent City Railroad Company the sum of forty thousand dollars damages caused to said child by the careless-ness of the said company and its employe, the driver of a car, by which the child was run over, resulting in much suffering and the loss of a leg.

A verdict for five thousand five hundred dollars was rendered, and from the judgment thereon the defendant appealed.

It is shown that the child was run over a few feet below the lower foot-crossing of Seventh and Chippewa streets as the car was descend-ing the latter street. A moment before the accident occurred, this child, then about six and a half years old, was sitting on the steps of his father's residence, situated on the right hand corner of said streets, the steps being a little below the said crossing. He suddenly sprung from his seat and attempted to cross the street immediately in front of the mule, which was moving at an ordinary trot, came in contact with the animal, fell and was run over by one of the wheels of the car on the opposite side from that on which he was just before seated. The driver swears that he did not see the child until he was on the ground, just under or between the fore legs of the mule, when he instantly put down the "brakes" and pulled on his reins, but the animal was so much frightened that he could not stop the headway of the car in time to prevent the injury, the mule giving two or three jumps or plunges

forward and toward the left, jerking the front wheels of the car off the track, one of the wheels passing over the child's leg during this time.

From these facts it seems to us the driver was not guilty of such negligence as to throw upon the company the responsibility for the damage sustained by the child. Its effort to cross the street at an unusual point, so closely in front of the mule, which, it is shown, was traveling at the ordinary gait, was so sudden and rapid that the driver had not time to avoid the collision had he expected its probable occurrence, and the collision so startled the mule that the momentum of the car was increased so as to pass it beyond the place of the contact where the child fell before the animal could be stopped.

It is therefore ordered that the verdict of the jury and the judgment of the court a qua be set aside and there be judgment in favor of defendant, with costs in both courts.

Rehearing refused.

Wyly, J., absent.